UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81280-ROSENBERG/REINHART

ARRAY US INC.,

    Plaintiff,

v.

PAUL HALDI,

    Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court on the Plaintiff's Renewed Motion for Preliminary Injunction at docket entry 11. The Defendant filed a Response to the Motion at docket entry 13. In his Response, the Defendant not only defends against the merits of the Motion, but he also argues that the Court lacks personal jurisdiction over him. The Court therefore construes the Response as including a cross motion to dismiss for lack of personal jurisdiction,[1] to which the Plaintiff responded at docket entry 16. For the reasons set forth below the Court grants the Defendant's motion to dismiss for lack of personal jurisdiction.

The Central Issue Before the Court

This is a breach of contract case premised upon an employment agreement between the Plaintiff and the Defendant, with the Plaintiff alleging that the Defendant breached the employment agreement. The primary legal issue before the Court, however, is not an employment law issue or even a contract law issue, but instead concerns the law of personal jurisdiction. For a

---

[1] Because the Defendant sought dismissal on personal jurisdiction grounds in his first filing in this Court, the Defendant did not waive a personal jurisdiction defense under Rule 12(h).

Court to have personal jurisdiction over a defendant, the Court must engage in a two-step analysis. *E.g., Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015). First, the Court must determine whether Florida, as the forum state in this action, has authorized courts to exercise jurisdiction over the defendant. *Id.* Second, the Court must determine whether Florida's exercise of jurisdiction over the defendant satisfies the defendant's due process rights under the federal Constitution. *Id.* Here, the Defendant argues that the first step in the analysis—whether Florida has authorized suits against the Defendant—ends the Court's inquiry in his favor. The Court therefore closely examines Florida law on this issue, but the Court first summarizes the facts relevant to personal jurisdiction in this case.

## Facts Relevant to Personal Jurisdiction

The Defendant currently resides in the State of Washington, DE 13-2 at 2, and also resided there at the time he was recruited to work for the Plaintiff. *Id.* at 1. When he was recruited, all of the Defendant's communications to the Plaintiff were directed to the Plaintiff's New York Office, not Florida. *Id.* at 2. While employed, all of the Defendant's duties were performed in Washington. *Id.* The Defendant used electronic resources of the Plaintiff to conduct business with clients, but those resources were in California, not Florida. *Id.* At no point in time did the Defendant perform services for the Plaintiff in the State of Florida. *Id.* at 2.

## The Florida Long-Arm Statute

Florida has codified the different grounds upon which it authorizes a court to assert personal jurisdiction over an out-of-state defendant in what is known as a "long-arm statute." Fla. Stat. § 48.193. The Plaintiff relies upon a single ground[2] in furtherance of its personal jurisdiction

---

[2] The Plaintiff previously took the position that Section (1)(a)(9) of the long-arm statute authorized personal jurisdiction in this case, but that Section does not apply to employment contracts and the Plaintiff in its Response abandoned any reliance on Section (1)(a)(9). DE 16 at 9 n.1.

argument. That ground is found Section (1)(a)(7) of the long-arm statute, and it authorizes personal jurisdiction over a defendant when the defendant "breach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state." The dipositive question, then, is *where* the Defendant is alleged to have "fail[ed] to perform acts" in his employment agreement. Does the Plaintiff allege a failure to perform in Florida?

The Application of the Florida Long-Arm Statute to this Case

To link the Defendant's alleged breach of his employment agreement with Florida, the Plaintiff does not rely upon the Defendant's performance of his normal, routine day-to-day duties; as set forth above, the Defendant performed those duties in Washington, not Florida. Instead, the Plaintiff relies upon the Defendant's obligation in the employment agreement to return confidential documents to the Plaintiff upon his termination. The Plaintiff contends that the agreement required the Defendant to return the confidential documents to an address in Florida. DE 16 at 7-8. That is the sole connection of Florida to the Plaintiff's personal jurisdiction argument, and the Court finds the Plaintiff's argument unpersuasive for four reasons, delineated in **bold** below.

**First**, the contractual provision at issue does not require the Defendant to return confidential documents to any specific location. The provision reads as follows:

> Return of Confidential Information. Upon Employee's separation of employment with Company or upon written request by Company, Employee shall return to Company all written materials (and any copies thereof) containing any Confidential Information. Employee shall also deliver to Company a written statement signed by Employee certifying that all materials have been returned within five (5) days of Employee's receipt of the request.

DE 11-2 at 5. Thus, the agreement merely requires the Defendant to return materials "to [the] Company." It does not specify that a particular office or location must be where the return is made, nor does the agreement prohibit the Defendant from returning the materials electronically, such as via e-mail, from his home state of Washington. Courts examining similar obligations have

observed that, outside of a requirement for production *in Florida*, there is no duty to perform in Florida and there is therefore no personal jurisdiction. *See Dollar Rent a Car, Inc. v. Westover Car Rental, LLC*, No. 16-CV-363, 2017 WL 5495126, at *7 (M.D. Fla. Nov. 16, 2017) (holding that a duty to tender performance to a Florida resident is not enough to satisfy the Florida long-arm statute); *see also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218-19 (11th Cir. 1999) (citing a district court case as authority for the proposition that a general duty to deliver, without more, is insufficient for personal jurisdiction); *but see AutoNation, Inc. v. Hall*, No. 19-CV-60291, 2019 WL 3712008, at *5 (S.D. Fla. May 29, 2019) (finding that an express obligation to return confidential materials to a Florida address was a sufficient basis for personal jurisdiction).

**Second**, although the Plaintiff cites to a provision of the employment agreement that requires notices to be sent to a Florida address, that provision only applies to notices, not deliveries:

> **<u>Notices</u>**. Any **notice** to be given by any of the parties hereto may be effected, in writing, by personal delivery, Federal Express or any other nationally recognized overnight carrier or by mail, certified or registered and postage prepaid, with return receipt requested, and addressed to addresses written below or via email or fax to senior management of either Company or Employee.

DE 11-2 at 8 (emphasis added).  The Plaintiff has not premised its breach of contract claim on the Defendant's failure to provide *notice* of his production of confidential materials; it has premised its claim on the Defendant's failure to substantively provide the materials.  Thus, the agreement's requirement for the Defendant to send notices to a Florida address is not a basis for this Court to exercise jurisdiction over the Defendant.

**Third**, the same provision quoted above for the production of notices affords the Defendant flexibility.  By its own terms, the provision would allow for production via e-mail or through some other avenue besides the usage of the Florida-based physical address:

>    Notices. Any notice to be given by any of the parties hereto may be effected, in writing, by personal delivery, Federal Express or any other nationally recognized overnight carrier or by mail, certified or registered and postage prepaid, with return receipt requested, and addressed to addresses written below **or via email or fax to senior management of either Company or Employee**.

*Id.* (emphasis added). Thus, the employment agreement does not require performance in Florida even for the production of notices—an employee could send a notice via e-mail or fax to a senior management employee, wherever that senior management employee may be located.

**Fourth**, to the extent the Court has any doubt about whether the employment agreement required production to a Florida address, the Court's doubt is dispelled by the standard that the Court must apply to the requirements of the long-arm statute. The standard is that the long-arm statute must be strictly construed against the party asserting personal jurisdiction. *E.g., Scuptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). The Plaintiff carries the burden "of proving facts which clearly justify the use" of the long-arm statute. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). Here, the Plaintiff has not carried its burden; the Court is not persuaded that the Defendant's duty to return confidential materials upon termination required his performance of that duty to occur *in Florida*.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendant's motion to dismiss for lack of personal jurisdiction at docket entry 13 is **GRANTED** and this case is **DISMISSED** for lack of personal jurisdiction. The Clerk of the Court shall **CLOSE THIS CASE** and all other pending motions, including the Plaintiff's Renewed Motion for Preliminary Injunction [DE 11], are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of October, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE